```
 1  SANDRA R. BROWN
    Acting United States Attorney
 2  PATRICK R. FITZGERALD (Cal. Bar No. 135512)
    Chief, National Security Division
 3       1500 United States Courthouse
         312 North Spring Street
 4       Los Angeles, California 90012
         Telephone: (213) 894-4591
 5       Facsimile: (213) 894-7631
         E-mail:    Patrick.Fitzgerald@usdoj.gov
 6
    Attorneys for Plaintiff/Respondent
 7  UNITED STATES OF AMERICA
```

                     UNITED STATES DISTRICT COURT

                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case Nos. 2:16-cv-05606-CAS |
| --- | --- |
| Plaintiff/Respondent, | 2:12-cr-01085-CAS |
| v. | GOVERNMENT'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 9, 2017 ORDER; MEMORANDUM OF POINTS AND AUTHORITIES |
| YONGDA HARRIS, | |
| Defendant/Petitioner. | Hearing Date: To Be Determined<br>Hearing Time: To Be Determined<br>Current S.C. Date: 9/18/17<br>Current S.C. Time: 1:30 p.m. |

   Plaintiff and Respondent United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California, hereby files its Motion for Reconsideration of the Court's August 9, 2017 Order Granting Petition for Relief Pursuant to 28 U.S.C. § 2255 ("Government's Motion"). This motion is made pursuant to C.D. Cal. Local Rule 7-18 and Federal Rules of Civil Procedure 59(e) and 60(b).

This response rests upon the attached memorandum of points and authorities, the files and records in this case before this Court and the Ninth Circuit, and such further evidence and argument as the Court may permit.

Dated: September 6, 2017           Respectfully submitted,

                                   SANDRA R. BROWN
                                   Acting United States Attorney

                                   /s/
                                   ─────────────────────────────
                                   PATRICK R. FITZGERALD
                                   Chief, National Security Division

                                   Attorneys for Plaintiff/Respondent
                                   UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES..................................1

I.   INTRODUCTION.....................................................1

II.  ARGUMENT.........................................................3

     A.   The Relitigation Bar Forecloses Defendant's Challenge.....3

     B.   The Supreme Court And The Ninth Circuit Have Not Yet
          Overturned The Existing Ninth Circuit Authority Under
          Section 1001..............................................5

          1.   The Supreme Court And Ninth Circuit In Ajoku Did
               Not Overturn Tatoyan.................................6

          2.   The Solicitor General's Position In Ajoku And The
               Change In The Model Ninth Circuit Jury
               Instruction Cannot Overturn Tatoyan.................10

     C.   The Court Should Grant The Government's Motion For
          Reconsideration And Vacate Its Order Because The Order
          Is Not Consistent With Binding Ninth Circuit
          Precedent................................................13

III. CONCLUSION......................................................13

**TABLE OF AUTHORITIES**

DESCRIPTION                                                                  PAGE

**FEDERAL CASES**

Ajoku v. United States,
     134 S. Ct. 1872 (2014)......................................passim

Browder v. United States,
     312 U.S. 335 (1941).............................................5

Davis v. United States,
     417 U.S. 333 (1974)............................................10

Gonzalez v. Justices of Municipal Court of Boston,
     420 F.3d 5 (1st Cir. 2005)...................................5, 8

Hart v. Massanari,
     266 F.3d 1155 (9th Cir. 2001)...................................6

In re Whirlpool Corp. Front-Loading Washer Products Liability
     Litigation,
     722 F.3d 838 (6th Cir. 2013)....................................8

Jones v. United States,
     178 F.3d 790 (6th Cir. 1999)....................................4

Lepera v. United States,
     587 F.2d 433 (9th Cir. 1978)...................................10

Miller v. Gammie,
     335 F.3d 889 (9th Cir. 2003) (en banc).................2, 6, 11

Mohamed v. Uber Technologies, Inc.,
     848 F.3d 1201 (9th Cir. 2016)...................................2

Notash v. Gonzalez,
     427 F.3d 693 (9th Cir. 2005)....................................5

Odom v. United States,
     455 F.2d 159 (9th Cir. 1972)....................................1

Orloff v. Willoughby,
     345 U.S. 83, 88 (1953).........................................10

Pratt v. Philbrook,
     109 F.3d 18 (1st Cir. 1997).....................................8

Ratzlaf v. United States,
     510 U.S. 135 (1994).............................................8

United States v. Ajoku,
     584 Fed. Appx. 824 (9th Cir. 2014).....................7, 9, 12

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                 PAGE

United States v. Claiborne,
    132 F.3d 253 (5th Cir. 1998)..................................11

United States v. Currie,
    589 F.2d 993 (9th Cir. 1979)..................................1, 3

United States v. Dickerson,
    166 F.3d 667 (4th Cir. 1999)..................................11

United States v. Eglash,
    640 Fed. Appx. 644 (9th Cir. 2016)............................7, 9

United States v. Harris,
    611 Fed. Appx. 480 (9th Cir. 2015).........................1, 4, 9

United States v. Heuer,
    4 F.3d 723 (9th Cir. 1993)....................................5

United States v. Kaluna,
    192 F.3d 1188 n.2 (9th Cir. 1999).............................3

United States v. Lancellotti,
    761 F.2d 1363 (9th Cir. 1985).................................6

United States v. Marcus,
    560 U.S. 258 (2010)...........................................4

United States v. Mazzeo,
    592 Fed. Appx. 559 (9th Cir. 2015)............................7, 9

United States v. Ogles,
    440 F.3d 1095 (9th Cir. 2006).................................2, 10

United States v. Redd,
    759 F.2d 699 (9th Cir. 1985)..................................4

United States v. Tatoyan,
    474 F.3d 1174, 1182 (9th Cir. 2007 ...................... passim

United States v. Warren,
    984 F.2d 325 n.3 (9th Cir. 1993)..............................12

United v. Carrier,
    654 F.2d 559 (9th Cir. 1981)..................................5, 6

Withrow v. Williams,
    507 U.S. 680 (1993)...........................................3

**FEDERAL STATUTES**

18 U.S.C. § 1001..........................................1, 4, 7, 12

**TABLE OF AUTHORITIES (CONTINUED)**

<u>DESCRIPTION</u>                                                      <u>PAGE</u>

18 U.S.C. § 1035..............................................7, 8

18 U.S.C. § 3501...............................................11

28 U.S.C. § 2255............................................1, 13

42 U.S.C. § 6928................................................5

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In its August 9, 2017 Order, the Court granted defendant/petitioner ("defendant") Yongda Harris's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.  It did so on the ground that his plea to a violation of 18 U.S.C. § 1001 was defective and violated the United States Constitution and Federal Rule of Criminal Procedure 11.  The Court found the plea colloquy was defective because an element of Section 1001--that defendant knew his false statements were not just false but illegal--was not included in the colloquy or other plea materials.  (Order at 13-14).  The government respectfully moves the Court to reconsider its ruling and vacate its Order.

First, defendant's claims regarding the validity of his plea were already raised before and rejected by the Ninth Circuit on direct appeal.  United States v. Harris, 611 Fed. Appx. 480, 481 (9th Cir. 2015).  "[I]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding."  United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979); accord Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972) ("The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a § 2255 motion.").  The Order, however, erroneously reached the very claims that the Ninth Circuit already rejected.  See Harris, 611 F.3d Appx. at 481 (finding no reversible plain error).

Second, more broadly, the Order is inconsistent with  Ninth Circuit authority that has not been overruled by the Supreme Court or the Ninth Circuit, and which remains binding on this Court.  As the

Court recognized, at the time of defendant's plea he properly was informed of the elements of Section 1001 as interpreted by the Ninth Circuit. (Order at 5-6). Specifically, defendant's plea colloquy was sufficient because numerous Ninth Circuit cases had held that the elements of Section 1001 do not include knowledge that making a false statement to the government is illegal; rather, a defendant simply must know that the statements to the government were false. See, e.g., United States v. Tatoyan, 474 F.3d 1174, 1182 (9th Cir. 2007).

Contrary to the Order's conclusion, however, Tatoyan remains binding. It has not been overruled, nor has the Circuit identified it as "clearly irreconcilable" with any intervening higher authority. See Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). The sources cited by the Order in support of a rule contrary to Tatoyan--including the Solicitor General's position on the elements of Section 1001, the ruling in Ajoku v. United States, 134 S. Ct. 1872 (2014), and a new Model Ninth Circuit Jury Instruction--do not relieve the Court of its duty to follow controlling law. (Order at 12 n.5). See generally Mohamed v. Uber Technologies, Inc., 848 F.3d 1201, 1211 (9th Cir. 2016) ("The district court does not have the authority to ignore circuit court precedent[.]"). Similarly, while the government agrees that knowledge of illegality should now be an element of Section 1001, the government also has stated---as it did before the Ninth Circuit in this very case--that the government's concessions have no binding legal authority. United States v. Ogles, 440 F.3d 1095, 1099 (9th Cir. 2006) ("We are not bound by a party's concession as to the meaning of the law, even if that party is the government and even in the context of a criminal case."). Tatoyan controls, and it forecloses defendant's petition.

It is unfortunate that the government did not address these issues in its original Opposition Brief to defendant's motion and therefore did not appropriately assist the Court in avoiding error. Nonetheless, the error remains. Much as the Court of Appeals must "affirm on any basis the record supports," this Court should not vacate a conviction--an extraordinary remedy with grave societal consequences--absent consideration of all relevant issues. See generally United States v. Kaluna, 192 F.3d 1188, 1197 n.2 (9th Cir. 1999). Accordingly, the Court should grant this motion for reconsideration and vacate its Order.[1]

## II. ARGUMENT

### A. The Relitigation Bar Forecloses Defendant's Challenge

As a preliminary matter, defendant's challenge to the "willfulness" element of his guilty plea is barred by the well-established rule that "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding." Currie, 589 F.2d at 995. See generally Withrow v. Williams, 507 U.S. 680, 720-21 (1993) (Scalia, J., concurring) (collecting cases).

In his petition, defendant claimed that his plea was involuntary because he was misadvised of the elements of the offense, omitting that the government was "required to prove that [defendant] had the knowledge that his statement made on the custom declaration form, besides being false, was also unlawful." (CV 1 ("Petition") at 10; see also CV 12 ("Supplemental Petition") at 10-14.) This claim was identical to the primary issue raised by defendant on direct appeal:

---

[1] Because the Court found that the plea colloquy was defective, it did not address other arguments made by defendant in support of his Section 2255 motion. (See Order at 6-8.)

3

1  whether defendant's "guilty plea was involuntary and taken in
2  violation of Rule 11 because he was not accurately advised as to the
3  willfulness element of 18 U.S.C. § 1001." Appellant's Opening Brief,
4  United States v. Harris, C.A. No. 13-50250 (9th Cir. Nov. 24, 2014)
5  (ECF No. 39), at 23 (capitalization altered); see also, generally,
6  Government's Answering Brief, United States v. Harris, C.A. No. 13-
7  50250, available at 2015 WL 416868 (9th Cir. Jan. 23, 2015).

8      The Ninth Circuit rejected this challenge. Harris, 611 Fed.
9  Appx. at 481. Specifically, the Court found that "[e]ven assuming
10 Harris should have been advised that the government had to prove that
11 he knew that willfully making a false statement is a crime,
12 [defendant] did not show that he suffered any prejudice as a result."
13 Id. As a result, on plain-error review, any error did not "affect[]
14 the outcome of the district court proceedings" or the "fairness,
15 integrity or public reputation of judicial proceedings." Id.
16 (quoting United States v. Marcus, 560 U.S. 258, 262 (2010)).

17     Because defendant "raised this precise claim in his direct
18 appeal," and because the Ninth Circuit properly concluded that it
19 provided no basis for reversal of his convictions, "this claim cannot
20 be the basis of a § 2255 motion." United States v. Redd, 759 F.2d
21 699, 701 (9th Cir. 1985). The relevant, controlling law has not
22 changed since the Ninth Circuit rejected defendant's challenge. See
23 generally Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999)
24 ("It is . . . well settled that a § 2255 motion may not be employed
25 to relitigate an issue that was raised and considered on direct
26 appeal absent highly exceptional circumstances, such as an
27 intervening change in the law."). The result, likewise, should not
28 change. Defendant's conviction must be upheld.

4

     **B.    The Supreme Court And The Ninth Circuit Have Not Yet Overturned The Existing Ninth Circuit Authority Under Section 1001.**

Beyond this procedural bar, however, lies a legal one: under controlling Ninth Circuit authority-- that remains binding on this Court today--defendant was not misadvised of the elements of his offense.  See Tatoyan, 474 F.3d at 1182.

The Court's Order correctly notes that it followed existing Ninth Circuit authority when it accepted defendant's guilty plea on December 17, 2012, citing United v. Carrier, 654 F.2d 559, 561 (9th Cir. 1981).  But it also suggests that this authority was called into question by Bryan v. United States, 524 U.S. 184, 191 (1998):  "Prior to Bryan, the law in the Ninth Circuit was clear."  (Order at 10).  While this statement is accurate, it is equally accurate that the law in the Ninth Circuit was clear after Bryan.  Along with the district court cases cited in the Order, the Ninth Circuit itself ruled on this issue after Bryan.  Thus, in 2007, it held that Section 1001 did not require knowledge of illegality and flatly stated that the interpretation of the word "willfully" which guided this Court at defendant's plea hearing "fully comport[ed] with Supreme Court and Ninth Circuit holdings."  Tatoyan, 474 F.3d at 1182 (citing Browder v. United States, 312 U.S. 335, 341 (1941); Notash v. Gonzalez, 427 F.3d 693, 698 (9th Cir. 2005); and United States v. Heuer, 4 F.3d 723, 732 (9th Cir. 1993)).

No court has held that Totayan has been overruled.[2]  More generally, this Court stands alone in its holding that the other

---

[2] Although this point may be simple-minded, Westlaw shows no red or yellow flag in its entry for Tatoyan.  Heuer only has a yellow flag for its holding on the elements of 42 U.S.C. § 6928(d)(2), not

5

Ninth Circuit rulings on this issue have been overruled. But even a panel of the Ninth Circuit cannot overrule existing authority; rather, only the Circuit sitting en banc or the Supreme Court can do so. Hart v. Massanari, 266 F.3d 1155, 1171 (9th Cir. 2001) ("Once a panel resolves an issue in a prudential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court.").

In rare circumstances, there can be subsequent developments in the law such that a lower court can determine that a case implicitly has been overruled. But the standard for such a determination is exceptionally stringent, even for a panel of the Ninth Circuit. See Miller, 335 F.3d at 892-93 (three-judge panel is bound by circuit precedent unless that precedent is "clearly irreconcilable" with intervening higher authority); United States v. Lancellotti, 761 F.2d 1363, 1366-67 (9th Cir. 1985) (Kennedy, J.) (Ninth Circuit precedent could be reexamined by three-judge panel when Supreme Court "unequivocally rejected" Ninth Circuit's two-part test regarding search warrants and illegal entry that had not been adopted by any other court of appeals).

        1.    The Supreme Court And Ninth Circuit In Ajoku Did Not Overturn Tatoyan

Although the government agrees that Tatoyan and the other Ninth Circuit cases under Section 1001 were wrongly decided, currently there is no higher precedent that is "clearly irreconcilable" with their holdings. Indeed, the Ninth Circuit has specifically so held--concluding that there is no "intervening higher authority displacing"

---

Section 1001. Carrier only has a yellow flag for the Order in this case.

6

1  Tatoyan's holding, and thus it remains binding.  United States v.
2  Mazzeo, 592 Fed. Appx. 559, 561 (9th Cir. 2015); accord United States
3  v. Eglash, 640 Fed. Appx. 644, 646 (9th Cir. 2016).
4       In particular, as the Ninth Circuit itself has held, the Supreme
5  Court's ruling in Ajoku v. United States, 134 S. Ct. 1872 (2014),
6  "did not disturb the longstanding precedent in this circuit that,
7  under 18 U.S.C. § 1001, 'willfully' means only 'deliberately and with
8  knowledge.'"  Mazzeo, 592 Fed. Appx. at 562.  As the Court is aware,
9  the defendant in Ajoku objected to a jury instruction defining the
10 elements for 18 U.S.C. § 1035 that did not require the government to
11 prove knowledge of illegality.  The defendant was convicted, and the
12 Ninth Circuit affirmed the conviction.  United States v. Ajoku, 718
13 F.3d 882 (9th Cir. 2013).  The defendant then petitioned for review
14 in the Supreme Court.  After the Solicitor General stated the
15 government's view that the district's court's jury instruction did
16 not correctly state the elements of the offense, the Supreme Court
17 vacated the Ninth Circuit's ruling and remanded the case "for further
18 consideration" in a one-paragraph order from which the late Justice
19 Scalia dissented.  Ajoku, 134 S. Ct. at 182.  On remand from the
20 Supreme Court, the Ninth Circuit in an unpublished opinion remanded
21 the case to the district court for a new trial because it applied
22 harmless-error analysis and determined that it was not clear "beyond
23 a reasonable doubt" that the jury would have found the defendant
24 guilty under the correct jury instruction.  United States v. Ajoku,
25 584 Fed. Appx. 824 (9th Cir. 2014) (Ajoku II).
26      As Mazzeo recognized, neither the Supreme Court's remand nor the
27 subsequent Ninth Circuit remand "disturb[ed] the longstanding
28 precedent" that "willfully," under Section 1001, means only

7

1   "deliberately and with knowledge." 592 Fed. Appx. at 562 (citing
2   Tatoyan, 474 F.3d at 1182). Ajoku addressed a conviction under a
3   different statute, 18 U.S.C. § 1035; this, alone, is sufficient to
4   defeat any claim of irreconcilable conflict, particularly given that
5   "willful" is a word of "many meanings," the construction of which is
6   "often . . . influenced by its context." Ratzlaf v. United States,
7   510 U.S. 135, 141 (1994). Moreover, that the Supreme Court granted
8   the petition for a writ of certiorari in Ajoku, vacated the Ninth
9   Circuit's original panel ruling, and remanded for further
10  consideration of the government's concession is not a ruling on the
11  merits. Such a so-called "GVR" is not a "reversal on the merits, nor
12  is it 'an invitation to reverse.'" In re Whirlpool Corp. Front-
13  Loading Washer Products Liability Litigation, 722 F.3d 838, 845 (6th
14  Cir. 2013) (citations omitted). This is because "a GVR . . . is
15  merely a device that allows a lower court that had rendered its
16  decision without the benefit of an intervening clarification to have
17  an opportunity to reconsider that decision and, if warranted, to
18  revise or correct it." Gonzalez v. Justices of Municipal Court of
19  Boston, 420 F.3d 5, 7-8 (1st Cir. 2005) (citing Pratt v. Philbrook,
20  109 F.3d 18, 19-20 (1st Cir. 1997)).
21      A comparison with the facts in United States v. Minore, 292 F.3d
22  1109, 1115-16 (9th Cir. 2002), a case cited at length by defendant on
23  in his briefing on this issue before the Ninth Circuit, supports the
24  government's position. In Minore, the Ninth Circuit ruled that a
25  district court had committed plain error at sentencing because it did
26  not have the jury determine the drug quantity in the case. The
27  Supreme Court issued its ruling in Apprendi v. New Jersey, 530 U.S.
28  466 (2000), after the district court sentenced the defendant, but

8

before the time the appeal reached the Ninth Circuit. Unlike the Supreme Court's GVR in Ajoku, the ruling in Apprendi explicitly overruled a specific New Jersey law and firmly stated that in all future cases all facts that increased the statutory maximum would need to be found by a jury beyond a reasonable doubt. The Ninth Circuit panel in Minore therefore could correctly determine that the law had already changed between the date of the ruling by the district court and the date of the consideration of the defendant's appeal such that the district court's ruling now was inconsistent with the law as established by the Supreme Court.

As the Order acknowledges (Order at 12 n.5), two unpublished opinions by the Ninth Circuit have held that Ajoku II did not disrupt the well-established principle that Section 1001 does not require knowledge of illegality. Eglash, 640 Fed. Appx. 644; Mazzeo, 592 Fed. Appx. 559, 561-62. While these cases are not published, they reflect that no panel of the Ninth Circuit has identified any case overturning or undermining Tatoyan and similar Section 1001 cases. Tellingly, the Circuit likewise did no such thing in Harris itself; to the contrary, it affirmed defendant's conviction. 611 Fed. Appx. at 481. And while the Order states that these unpublished cases do not "control[] the Court's decision here," those cases nevertheless underscore that Tatoyan--which is a published case--does control the decision here. The suggestion that Ninth Circuit authority is only binding when a later published case states that it has not been overruled has things backwards. While the Court, defendant, and the

government all agree that Tatoyan was wrongly decided, that does not mean that anyone in these proceedings has the power to overrule it.[3]

    2. **The Solicitor General's Position In Ajoku And The Change In The Model Ninth Circuit Jury Instruction Cannot Overturn Tatoyan.**

The Order cites both the Solicitor General's position that Ajoku I was wrongly decided and the subsequent change in the Ninth Circuit Model Jury Instructions as evidence that existing authority under Section 1001 has been overturned even though no published case has done so. (Order at 12). Not only is this position in error for the reasons stated above, but the Solicitor General's briefing and the explicit guidance of the Ninth Circuit Jury Instructions Committee directly contradict the position taken in the Order.

The stipulations or legal determinations of a party cannot overturn binding precedent. The government's concession in Ajoku does suggest that at some point in the future the current Ninth Circuit law interpreting Section 1001 may be overturned. Nonetheless, the views of the Solicitor General are not binding on federal courts. See Orloff v. Willoughby, 345 U.S. 83, 88 (1953) ("This Court, of course, is not bound to accept the Government's concession that the courts below erred on a question of law."); United States v. Ogles, 440 F.3d 1095, 1099 (9th Cir. 2006) ("We are

---

[3] Although the focus of the Order is on constitutional defects in defendant's plea colloquy, the Order also contains a short section on why a failure to mention one of the elements of Section 1001 is a violation of Federal Rule of Criminal Procedure 11. (Order at 18-19). While the continued viability of Tatoyan means that there was not a Rule 11 violation, there is the additional issue whether this non-constitutional violation provides a basis to vacate a conviction under Section 2255. Not every violation of federal law warrants relief under Section 2255. See Davis v. United States, 417 U.S. 333 (1974); Lepera v. United States, 587 F.2d 433, 435-36 (9th Cir. 1978).

10

not bound by a party's concession as to the meaning of the law, even if that party is the government and even in the context of a criminal case.") (citing <u>United States v. Miller</u>, 822 F.2d 828, 832 (9th Cir. 1987) ("Even if a concession is made by the government, we are not bound by the government's erroneous view of the law." (internal quotation marks omitted)); <u>see also</u> <u>United States v. Dickerson</u>, 166 F.3d 667, 672 (4th Cir. 1999), <u>overruled by Dickerson v. United States</u>, 530 U.S. 428 (2000) (Fourth Circuit declining to accept Attorney General's view that 18 U.S.C. § 3501 was unconstitutional and holding "as a court of law and not politics" that the admissibility of confessions in federal court is governed by Section 3501 rather than the judicially created rule of <u>Miranda</u>); <u>United States v. Claiborne</u>, 132 F.3d 253, 256 (5th Cir. 1998) (court of appeal declining to follow government's lenient interpretation of a Guidelines issue and affirming district court's imposition of the career-offender provision).

  The limits on the effect of the government's concession is particularly strong here given that in <u>Ajoku</u> the Solicitor General explicitly asked the Supreme Court <u>not</u> to overturn existing authority under Section 1001. The government's brief stated as to the meaning of the word "willfully":

> In light of the disagreement among the court of appeals, this Court's review of the proper interpretation of "willfully" in Sections 1001 and 1035 may ultimately be warranted in an appropriate case. But plenary review would be premature at this point because no court of appeals has had an opportunity to consider the question in light of the government's current views. Some or all of the courts that have interpreted "knowingly and willfully" to mean "deliberately and with knowledge" may reconsider that conclusion in light of the government's concession that a greater showing is required – particularly because it appears that some of those courts have not considered the issue since this Court's decision in <u>Bryan</u>.

11

(S.G.'s Brief at 19). Nor does the change in the language in the Ninth Circuit Model Jury Instruction for Section 1001 establish that Tatoyan has been overruled or that the law under Section 1001 already has changed. The Order states: "In light of Ajoku II, The Ninth Circuit has modified its model jury instruction for 18 U.S.C. § 1001[.]" (Order at 12). This statement is wrong; the "Ninth Circuit" has done no such thing. The Ninth Circuit Model Jury Instructions are not drafted or adopted by the Ninth Circuit. Rather, they are drafted by the Ninth Circuit Jury Instructions Committee. Accordingly, they are not binding and can be found to be erroneous. See United States v. Warren, 984 F.2d 325, 327 n.3 (9th Cir. 1993). The Committee itself recognizes that the language it uses in the model instructions does not create law or binding precedent. Instead, the Ninth Circuit Manual of Model Jury Instructions is prefaced with a warning: "The Ninth Circuit . . . does not adopt these instructions as definitive. Indeed, occasionally the correctness of a given instruction may be the subject of a Ninth Circuit opinion."

The government agrees with the Committee, and the district court judges who have used the new instruction in Section 1001 cases, that it is prudent to anticipate future developments and to describe the elements in a manner that will avoid unnecessary difficulties. Consistent with the Solicitor General's concession in Ajoku, the new model instruction also more correctly states what the government believes the law to be. Nonetheless, the Committee's recommendation for new language in the jury instruction for Section 1001 cannot and does not overrule Tatoyan and the other Ninth Circuit precedent that exists on this issue.

12

**C. The Court Should Grant The Government's Motion For Reconsideration And Vacate Its Order Because The Order Is Not Consistent With Binding Ninth Circuit Precedent.**

The government appreciates that a final reason the Court found existing Ninth Circuit authority to be overruled was that it reasonably believed that the government in this proceeding agreed with this interpretation. (Order at 12). While the government had presented in its answering brief to defendant's appeal arguments very similar to those presented now, it did not include them in its opposition to defendant's Section 2255 motion. The government regrets the tardy nature of its presentation, which has led the Court into error.

Because the need to obey higher court authority whether one agrees with it or not is one of the foundation stones of the American legal system, the Order contains error that is sufficiently "clear" and "manifest" such that the high standard for a motion for reconsideration under Local Rule 7-18, Federal Rule of Civil Procedure 59(e), or Federal Rule of Civil Procedure 60(b) is met. Furthermore, the vacatur of a conviction under Section 2255 is an extraordinary form of relief; one that should not rest on legal error. The government therefore respectfully requests the Court to review the validity of its Order and vacate it.

**III. CONCLUSION**

For the foregoing reasons, the Court should grant the government's motion for reconsideration and vacate its Order granting petition for relief pursuant to 28 U.S.C. § 2255. For the reasons set forth above and in the government's original memorandum in opposition to defendant's petition, defendant's petition should be

13

1 denied without an evidentiary hearing.  (See CV 21 at 24.)   His
2 motion for discovery should likewise be denied.  (Id.)

3 Dated: September 6, 2017           Respectfully submitted,

4                                    SANDRA R. BROWN
                                     Acting United States Attorney
5
                                        /s/
6                                    PATRICK R. FITZGERALD
                                     Assistant United States Attorney
7                                    Chief, Criminal Division

8
                                     Attorneys for Plaintiff/Respondent
9                                    UNITED STATES OF AMERICA

14