1  SANDRA R. BROWN
   Acting United States Attorney
2  PATRICK R. FITZGERALD (Cal. Bar No. 135512)
   Chief, National Security Division
3        1500 United States Courthouse
         312 North Spring Street
4        Los Angeles, California 90012
         Telephone: (213) 894-4591
5        Facsimile: (213) 894-7631
         E-mail:   Patrick.Fitzgerald@usdoj.gov
6
   Attorneys for Plaintiff/Respondent
7  UNITED STATES OF AMERICA

8                  UNITED STATES DISTRICT COURT

9             FOR THE CENTRAL DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,          Case Nos.  2:16-cv-05606-CAS
                                                 2:12-cr-01085-CAS
11             Plaintiff/Respondent,

12                  v.                 GOVERNMENT'S REPLY IN SUPPORT OF
                                       MOTION FOR RECONSIDERATION OF THE
                                       COURT'S AUGUST 9, 2017 ORDER
13 YONGDA HARRIS,
                                       Hearing Date: 11/20/17
14             Defendant/Petitioner.   Hearing Time: 1:30 p.m.

15

16

17       Plaintiff and Respondent United States of America, by and

18 through its counsel of record, the United States Attorney's Office

19 for the Central District of California, hereby files this Reply in

20 support of its Motion for Reconsideration of the Court's August 9,

21 2017 Order.  This Reply Brief is based upon the attached memorandum

22 of points and authorities, the files and records in this case before

23 //

24 //

25 //

26

27

28

1 | this Court and the Ninth Circuit, and such further evidence and

2 | argument as the Court may permit.

3 | Dated: October 17, 2017          Respectfully submitted,

4 |                                  SANDRA R. BROWN
                                     Acting United States Attorney

5 |

6 |                                  /s/
                                     PATRICK R. FITZGERALD
                                     Chief, National Security Division

7 |

8 |                                  Attorneys for Plaintiff/Respondent
                                     UNITED STATES OF AMERICA

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1

MEMORANDUM OF POINTS AND AUTHORITIES

2   I.   INTRODUCTION

3       The arguments in defendant-petitioner Yongda Harris's

4   ("defendant's") opposition to the government's Motion for

5   Reconsideration rest on a superficially plausible but ultimately

6   mistaken assumption.  Specifically, defendant insists that federal

7   criminal law must provide him a means to vacate his 2013 guilty plea

8   because the government, defendant, and this Court agree that the

9   Court would provide a different description of the elements of 18

10  U.S.C. § 1001 if defendant's change of plea hearing were held today.

11  In particular, defendant argues that the decisions in Ajoku v. United

12  States, 134 S. Ct. 1872 (2014), and United States v. Ajoku, 584 Fed.

13  Appx. 824 (9th Cir. 2014), require vacatur of his previously valid

14  plea.

15      Defendant is wrong.  The authority cited by the government in

16  its Motion for Reconsideration, including the Ninth Circuit ruling in

17  this very case on direct appeal, establishes that any perceived error

18  in defendant's plea colloquy in regard to the elements of 18 U.S.C.

19  § 1001 is not a proper basis for vacating his conviction today.  Most

20  fundamentally, defendant's position ignores the extraordinary nature

21  of relief under 28 U.S.C. § 2255.  Indeed, in the central Supreme

22  Court case cited by defendant, eight justices agreed that the need

23  for finality in criminal cases strictly limits defendants' ability to

24  challenge defects in their plea colloquy in post-conviction motions.

25  Bousley v. United States, 523 U.S. 614 (1998) (Justices Rehnquist,

26  O'Connor, Kennedy, Souter, Ginsburg, and Bryer, holding that a

27  defendant's challenge under 28 U.S.C. § 2255 to his plea to violation

28  of 18 U.S.C. § 924(c) could only succeed if he carried his burden on

remand; Justices Scalia and Thomas going further, stating that any challenges of this sort to guilty pleas should not be permitted in post-conviction proceedings).

This case illustrates why there is a strong equitable reason for strictly interpreting the well-established limits on post-conviction relief.  Despite defendant's decision to plead guilty, despite his failure to challenge his plea before he was sentenced, despite the Ninth Circuit's rejection on direct appeal of the same challenges analyzed in this Court's August 9, 2017 Order, and despite the absence of a Ninth Circuit or Supreme Court case overruling the precedent that governed his plea, defendant now wants another opportunity to challenge this plea.  But the practical effect of such a ruling will be to force the government to prove, in 2018 rather than 2013, defendant's conduct that occurred in 2012.

There could be legitimate reasons why defendant's plea should be vacated in a post-conviction proceeding despite the inherent difficulties caused by having a trial many years after defendant's conduct occurred.  These issues include ineffective assistance of counsel or coercion at the time of his plea.  Indeed, these issues have been fully briefed by the parties and the relevant declarations were submitted to the Court.  As to these issues, however, the government believes that no evidentiary hearing is necessary for the Court to deny defendant's Section 2255 motion for all the reasons discussed at length in its original Opposition Brief.  In any event, these issues are not the subject of the August 9, 2017 Order.  The government therefore respectfully requests the Court to reconsider and withdraw its Order and then rule on the remaining issues in the Section 2255 litigation.

1   II.   **ARGUMENT**

2        **A.   Tatoyan Controls This Case**

3        The government argued in its Motion for Reconsideration that the

4   August 9, 2017 Order erred in stating that the Ajoku cases had

5   overruled pre-existing Ninth Circuit authority interpreting Section

6   1001, which held that knowledge of illegality was not an element of

7   Section 1001.   (Motion at 5-13).   In particular, the government noted

8   that in United States v. Tatoyan, 474 F.3d 1174 (9th Cir. 2007), the

9   Ninth Circuit re-affirmed that the term "willfully" in Section 1001

10  meant "no more" than acting deliberately and with knowledge that the

11  statement was untrue.   (Id. at 5-6).

12       Defendant does not dispute that the August 9, 2017 Order is in

13  error if Tatoyan still applies to defendant's guilty plea.

14  Nonetheless, defendant argues that this authority does not govern

15  this case because Tatoyan and related authority did not actually

16  determine that that knowledge of illegality was not an element of

17  Section 1001.   (Opposition at 5-6).

18       Defendant simply ignores the actual rulings in Tatoyan and other

19  cases, including United States v. Heuer, 4 F.3d 723, 732 (9th Cir.

20  1993), and United States v. Carrier, 654 F.2d 559, 561 (9th Cir.

21  1981).   Although these cases arose in the context of trials, they all

22  addressed and determined the nature and scope of the elements of

23  Section 1001.   Specifically, they all held that the intent element of

24  Section 1001 merely required a defendant to act deliberately and with

25  knowledge; i.e., the defendant merely knew the statements were false.

26  Tatoyan ("willfully means no more than 'deliberately and with

27  knowledge'" (emphasis supplied)), Heuer ("specific intent does not

28

3

1  require evil intent"); Carrier ("it is not necessary that the
2  government prove that the appellant in fact had an evil intent").

3       Defendant's attempt to distinguish these cases fails.  That
4  "evil intent" is not required under Section 1001 by definition means
5  that the "evil intent" of knowing illegality is not required.  This
6  was the universal understanding of this authority.  As the Ninth
7  Circuit said in the now-overturned Ajoku I (citing Tatoyan and United
8  States v. Bryan, 524 U.S. 184 (1998)), willfulness as used in 18
9  U.S.C. § 1035 similarly did "not require knowledge of unlawfulness."
10 United States v. Ajoku, 718 F.3d 882, 889 (9th Cir. 2013).  While the
11 government now believes the position of Tatoyan and its companion
12 cases was mistaken, that does not change their precedential value:
13 they are not ambiguous, they have not been overruled, and they are
14 binding.

15      Defendants other arguments why these cases have been overturned
16 continue to confuse the appropriateness of following the Solicitor
17 General's position in current cases with the propriety of this Court
18 vacating a prior guilty plea that is supported by authority that has
19 not been overruled explicitly by the Supreme Court or the Ninth
20 Circuit.  (Opposition at 8-10).  As the government has previously
21 explained, neither the Supreme Court's GVR in Ajoku v. United States,
22 134 S.Ct. 1872 (Mem.) (2014) nor the change in the Ninth Circuit's
23 Model jury instructions can eliminate the validity of the guilty plea
24 under Section 1001 that occurred in this case.

25      Once again, the only post-Ajoku determination by the Ninth
26 Circuit on this issue is directly contrary to the position taken by
27 defendant and the August 9, 2017 Order.  In United States v. Mazzeo,
28 592 Fed. Appx. 559 (9th Cir. 2015), the Court stated that the

litigation in Ajoku under Section 1035 did not overrule Tatoyan and the other Section 1001 cases:  "As Ajoku addressed a conviction under 18 U.S.C. § 1035, it did not disturb the longstanding precedent in this circuit that, under 18 U.S.C. § 1001, 'willfully' means only 'deliberately and with knowledge.'"  As in Mazzeo, the August 9, 2017 Order and defendant's Opposition point to no intervening authority displacing Tatoyan and Heuer.

Both the August 9, 2017 Order and Defendant's Opposition note that Mazzeo is an unpublished case.  But Tatoyan, Heuer, and Carrier are undeniably published.  As Mazzeo correctly noted, there is no intervening higher authority undermining those cases, and they thus remain binding on this and other courts within the Ninth Circuit.

Defendant does argue that Mazzeo can be distinguished from the instant case because it was determining whether plain error occurred at a trial in which the "old" Section 1001 jury instructions were given to the jury.  (Opposition at 10).  But this argument ignores the rule that vacating a conviction under Section 2255 is "extraordinary relief."  Defendant provides no equitable or policy reason why the validity of Tatoyan is more "squarely presented" in a Section 2255 proceeding than it is on direct appeal under plain error review.  "Whether or not the 'willfulness' element for a § 1001 crime should be altered is a question for another day."  Mazzeo, 592 Fed. Appx. at 562.  Similarly, this Court should not rule that Tatoyan has been overruled until the Ninth Circuit explicitly states that this day has arrived.

1

2

**B.    The Ninth Circuit Has Already Denied Defendant The Relief**
**He Now Seeks From This Court**

3    In addition or in the alternative, the August 9, 2017 Order is

4    likewise erroneous because defendant does not get multiple

5    opportunities to seek the same relief.  As the government explained

6    in its Motion, the long-established rule is that issues that are

7    raised and decided on direct appeal cannot be re-litigated in a

8    Section 2255 Motion.  (Motion at 3-4).  Defendant does not contest

9    that this is the general rule, citing United States v. Jingles, 702

10   F.3d 494 (9th Cir. 2012).  Nor does he dispute that he challenged the

11   validity of his plea colloquy on direct appeal.  (Opposition at 2-3).

12   According to defendant, he nonetheless is now raising a different

13   challenge to his plea colloquy in the Section 2255 litigation because

14   it is based on a "developed record" while a ruling under plain error

15   review is not a ruling "on the merits."  (Id.).

16   Defendant cites no authority, however, that states that a ruling

17   under plain error review is not a ruling "on the merits."  Just

18   because it is difficult for appellees to prevail under this standard

19   does not mean that they magically get a chance to try again in a

20   subsequent motion under 28 U.S.C. § 2255.  Such an approach would

21   fatally undercut the important need for finality that plain error

22   review provides.  See United States v. Olano, 507 U.S. 725 (1993).

23   Direct appeals of motions for new trials, motions for denial of

24   discovery, claims of juror misconduct, and countless other issues

25   could all be mere phases in protracted litigation if the possibility

26   of creating a supplemental record would allow for the identical claim

27   to be raised in a Section 2255 proceeding.

28

The cases cited by defendant are not to the contrary. In *Machibroda v. United States*, 367 U.S. 487 (1962), the defendant had not raised his challenge to his plea in a direct appeal. In *United States v. Daychild*, 357 F.3d 1082, 1095 (9th Cir. 2004) and *United States v. McGowan*, 668 F.3d 601, 605-06 (9th Cir. 2012), the Ninth Circuit explicitly stated that it was either declining to rule on ineffective assistance of counsel claims (*Daychild*) or denied ineffective assistance of counsel claims without prejudice (*McGowan*). In both these cases the Ninth Circuit also explicitly stated that the ineffective assistance claims could be brought in a Section 2255 proceeding. In contrast, the Ninth Circuit in defendant's direct appeal did not decline to rule on his challenge to his plea colloquy, it did not deny it without prejudice, and it did not state that this was an issue that could be raised yet again in a motion under Section 2255. See *United States v. Harris*, 611 Fed. Appx. 480, 481 (9th Cir. 2015).

Moreover, the fundamental holding of *Bousley v. United States*, *supra*, is that defendants do not have an unfettered ability to challenge their plea colloquies in subsequent habeas proceedings; rather, the general limitations on such proceedings apply. While the specific issue in *Bousley* was whether defendant's challenge was limited by his failure to raise the issue on direct appeal, this ruling does not mean that no further limitations can arise when a defendant raises the issue on direct appeal and the Court of Appeals considers the argument and rejects it. (Opposition 3-4). Applying the standard rule that issues litigated and decided on direct appeal cannot be re-litigated in Section 2255 proceedings does not "penalize" defendant and does not immunize pleas from review for

7

voluntariness.  What it does do is prevent this Court from conducting
a de novo review of a new record under a beyond a reasonable doubt
standard.  (Order at 17).  Because defendant did not raise this issue
with this Court before it imposed his sentence, the further review of
his new challenge to his plea colloquy appropriately is subject to
the standard limitations on such review; in this case, plain error
review on his direct appeal and the bar on re-litigating claims in
his Section 2255 proceeding.

Applying a standard limitation on Section 2255 litigation
comports with the need for finality in criminal cases endorsed by
eight justices in Bousley.  Defendant's arguments and the August 9,
2017 Order essentially adopt the position of Justice Stevens'
dissent, which argued that attacks on the voluntariness and
intelligence of a guilty can always be attacked on collateral review
without limitation.  Bousley, 523 U.S. at 626-627.  Despite the
eloquence of this dissent, all the other justices rejected this
position.  This Court therefore must follow this Supreme Court
precedent and the Ninth Circuit ruling in this case, which held that
this Court did not commit plain error at the time of his appeal.

Nonetheless, defendant has raised issues in his Section 2255
motion that were not argued or decided on his direct appeal.  The
government agrees that the Court must reach the merits of these
arguments, although it does not believe on the record before the
Court that it needs to hold an evidentiary hearing.  The government
therefore respectfully requests the Court to withdraw its August 9,
//
//
//

1   2017 Order, reach the merits of defendant's remaining arguments, and
2   deny his Section 2255 motion.

3   Dated: October 20, 2017              Respectfully submitted,

4                                        SANDRA R. BROWN
                                         Acting United States Attorney
5
                                         /s/
6                                        PATRICK R. FITZGERALD
                                         Chief, National Security Division
7
8                                        Attorneys for Plaintiff/Respondent
                                         UNITED STATES OF AMERICA
9