O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YONGDA HARRIS, | ) Case No. 2:16-cv-05606-CAS |
| | ) Case No. 2:12-cr-01085-CAS |
| Petitioner, | ) |
| v. | ) **ORDER DENYING THE** |
| | ) **GOVERNMENT'S MOTION FOR** |
| UNITED STATES OF AMERICA, | ) **RECONSIDERATION** |
| | ) |
| Respondent. | ) |

**I. INTRODUCTION**

On August 9, 2017, the Court granted petitioner Yongda Harris's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on the ground that his guilty plea to making false statements to a government agency in violation of 18 U.S.C. § 1001 was involuntary and taken in violation of Fed. R. Crim. P. 11. Dkt. 31 ("Order"). In light of Bryan v. United States, 524 U.S. 184 (1998), and subsequent decisions by the Ninth Circuit, the Court concluded that in order prove a defendant "willfully" made a false statement in violation of § 1001, the government must establish that a defendant acted with knowledge both that his statement was untrue and that making the false statement was unlawful. Id. at 12. Because petitioner was not advised that a violation of § 1001 requires proof that he knew his conduct was illegal, the Court concluded that his plea was invalid. Id. at 18.

On September 6, 2017, the government filed a motion for reconsideration pursuant to C.D. Cal. Local Rule 7–18 and Fed. R. Civ. P. 59(e) and 60(b). The government contends that: (1) because petitioner's claim regarding the validity of his plea was already raised on direct appeal and rejected by the Ninth Circuit, he should have been barred from relitigating the issue in a subsequent § 2255 proceeding; and (2) the Court's order is inconsistent with governing Ninth Circuit case law establishing that the element of willfulness under § 1001 does not require proof that a defendant had knowledge that making the false statement in question was unlawful, see United States v. Tatoyan, 474 F.3d 1174, 1182 (9th Cir. 2007). Dkt. 33 ("Mot."). On October 2, 2017, petitioner filed an opposition, dkt. 36; and the government filed a response on October 20, 2017, dkt. 37.

**II. LEGAL STANDARD**

The Ninth Circuit has held that motions for reconsideration of a § 2255 order may be brought either under Fed. R. Civ. P. 60(b) or 59(e). United States v. Martin, 226 F.3d, 1042, 1047 n.7 (9th Cir. 2000). Pursuant to these rules, "[a] district court may properly reconsider its decision if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an

intervening change in controlling law. Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013) (internal quotation marks and citations omitted). C.D. Cal. L.R. 7–18 further provides that a "motion for reconsideration . . . may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision."

## III. DISCUSSION

The government acknowledges that it did not raise either of the arguments presented here in its opposition to petitioner's § 2255 motion. Mot. at 3. Generally, a motion for reconsideration "may *not* be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original). The government does not explain why, in the exercise of reasonable diligence, it could not have raised these arguments in its underlying opposition. Nevertheless, in the interests of justice, the Court considers the government's new arguments.

### A. Relitigation Bar Does Not Apply

The government contends that petitioner's challenge to the validity of his plea is barred by the well-established rule that "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding." United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979); see also Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972) ("The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion.").

The bar against relitigating issues in a § 2255 proceeding that were already raised

and rejected on direct appeal is an application of the law of the case doctrine. See United States v. Jingles, 702 F.3d 494, 498 (9th Cir. 2012) ("A collateral attack is the 'same case' as the direct appeal proceedings for purposes of the law of the case doctrine."). "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." Richardson v. United States, 841 F.2d 993, 996 (9th Cir. 1988). "For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000) (quotation omitted). In addition, a court may depart from the law of the case if "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced" in a subsequent proceeding. Gonzalez v. Arizona, 677 F.3d 383, 390 n.4 (9th Cir. 2012) (en banc) (internal quotation marks and citation omitted).

On direct appeal in this case, petitioner argued that his guilty plea was involuntary and taken in violation of Rule 11 because he was not accurately advised as to the willfulness element of § 1001, which is the same legal claim raised in his subsequent § 2255 motion. However, the Ninth Circuit did not decide this issue explicitly or even by implication. The court merely found that petitioner had failed to show prejudice: "Even assuming that Harris should have been advised that the government had to prove that he knew that willfully making a false statement is a crime, Harris did not show that he suffered any prejudice as a result" because there was "no reason to believe that Harris, who was represented by counsel, did not know that it is a crime to make a false statement. Nor is there any claim that he would not have pled guilty if he had been informed by the court that 'willfully' requires proof that he knew that lying on a customs declaration is a crime." United States v. Harris, 611 F. App'x 480, 481 (9th Cir. 2015).

Even assuming the Ninth Circuit decided the issue by necessary implication, and accordingly the panel's decision became law of the case, there is good reason to depart

from it given the substantially different evidence presented during the § 2255 proceeding. Petitioner submitted a declaration stating unambiguously: "I did not know that I was doing anything illegal when I filled out my customs form." Dkt. 28, Harris Decl. ¶ 2 (emphasis added). In addition, two of his former attorneys submitted declarations stating that they informed petitioner about the elements of the offense based upon then-existing case law and the Ninth Circuit Model Jury Instructions in effect at the time; but neither attorney advised petitioner that the government would be required to prove that he knew his conduct was unlawful. See Dkts. 21-1, 21-2. Moreover, petitioner has now clearly stated that "[i]f I had known about that element, I would not have entered my guilty plea." Harris Decl. ¶ 2. Based on this newly presented evidence, which was not available to the Ninth Circuit, there is reason to believe that petitioner did not know it was unlawful to make a false statement on a customs declaration form and would not have pleaded guilty if he knew the government was required to prove that element of the offense.

Accordingly, petitioner was not barred from relitigating his claim in the instant § 2255 proceeding.

### B. Tatoyan Does Not Govern This Case

The government further argues that the Court's order is inconsistent with a 2007 Ninth Circuit case not previously cited by the government in opposition to the § 2255 motion, namely, Tatoyan, which the government contends held that the element of willfulness under § 1001 *does not* require proof that a defendant acted with knowledge that his conduct was unlawful. Mot. at 5–13. As explained in detail in the prior order, the Court concluded that the law in the Ninth Circuit appears to be well-settled: to prove willfulness under § 1001, the government must demonstrate that a defendant acted with knowledge *both* that his statement was untrue *and* that making the false statement was unlawful. Order at 10–12. Having considered Tatoyan, the Court disagrees with the government's broad reading of the case and concludes that it does not require a different result.

But before turning to Tatoyan, it is important to review what constitutes binding circuit authority. In United States v. Johnson, 256 F.3d 895 (9th Cir.2001) (en banc), Judge Kozinski explained that, "where a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of the circuit, regardless of whether doing so is necessary in some strict logical sense." Id. at 914 (Kozinski, J., concurring). Only "[w]here it is clear that a statement is made casually and without analysis, where the statement is uttered in passing without due consideration of the alternatives, or where it is merely a prelude to another legal issue that commands the panel's full attention, it may be appropriate to re-visit the issue in a later case." Id. at 915. Nevertheless, "any such reconsideration should be done cautiously and rarely—only where the later panel is convinced that the earlier panel did not make a deliberate decision to adopt the rule of law it announced." Id. If, however, "it is clear that a majority of the panel has focused on the legal issue presented by the case before it and made a deliberate decision to resolve the issue, that ruling becomes the law of the circuit and can only be overturned by an en banc court or by the Supreme Court." Id. at 916; see also Cetacean Cmty. v. Bush, 386 F.3d 1169, 1173 (9th Cir. 2004); Miranda B. v. Kitzhaber, 328 F.3d 1181, 1186 (9th Cir. 2003) (per curiam).

In Tatoyan, two defendants were stopped by a customs inspector as they were about to board an international flight carrying approximately $80,000 in cash. 474 F.3d at 1176. Although the officer did not provide defendants with a form explaining the reporting requirements for carrying bulk currency, he did "inform them that there was no law against taking money out of the United States but that, if they were carrying more than $10,000, they must declare it." Id. at 1176 & n.1. When the officer asked the defendants how much money they were carrying, defendants made false statements, were subsequently searched, and the cash they were carrying was discovered. Id. at 1176–77. Defendants were charged and convicted of several offenses, including bulk cash smuggling and making false statements to a government officer in violation of § 1001. Id. at 1178. On appeal, defendants argued, in relevant part, that the district court had
-6-

erred by failing to instruct the jury that acting "willfully" under § 1001 means acting "deliberately and not out of confusion, mistake or surprise." Id. at 1182.

The Ninth Circuit held that the failure to give the requested instructions was not erroneous or prejudicial. Id. First, the "district court *did* instruct the jury that '[a]n act is done knowingly if the defendant is aware of an act and does not act or fail to act through *ignorance, mistake or accident.*' " Id. (emphasis in original). And second, "the district court's instruction—which mirrored Ninth Circuit Model Jury Instruction 8.66—defined 'willfully' in a manner that fully comports with Supreme Court and Ninth Circuit holdings." Id. (citing Browder v. United States, 312 U.S. 335, 341 (1941) (willfully means no more than "deliberately and with knowledge"); Notash v. Gonzales, 427 F.3d 693, 698 (9th Cir.2005) (same); United States v. Heuer, 4 F.3d 723, 732 (9th Cir. 1993) (same). The Ninth Circuit reasoned that "[n]othing further was required" because the defendants' "theory that they acted out of 'confusion, mistake or surprise' was encompassed by the antonymous term 'deliberately' in the jury instructions." Id.

The government contends that Tatoyan controls here because "it held that Section 1001 did not require knowledge of illegality and flatly stated that the interpretation of the word 'willfully' which guided this Court at defendant's plea hearing 'fully comport[ed] with Supreme Court and Ninth Circuit holdings.' " Mot. at 5 (citing Tatoyan, 474 F.3d at 1182). However, this expansive characterization of the holding in Tatoyan does not withstand scrutiny. At bottom, the issue in the instant case—whether willfulness under § 1001 requires proof that defendant knew his conduct was unlawful—was never raised in Tatoyan. This is not surprising given that the customs officer in that case told defendants about the currency reporting requirements. See Tatoyan, 474 F.3d at 1177. Instead, the defense theory was that defendants acted out of "confusion, mistake or surprise" when they made false statements; and the issue before the Ninth Circuit was the adequacy of the district court's jury instructions in light of the instructions the defendants requested to be given. Id. at 1182. The holding of Tatoyan is that the instructions were not "misleading or inadequate" because they accounted for the specific defense theory and

were consistent with prior case law and the Model Jury Instructions. Id. This is inapposite to the issue, presented here, of whether willfulness under § 1001 requires knowledge that making the false statement in question was unlawful.

Accordingly, the Court disagrees with the government's reading of Tatoyan and concludes that the case is not controlling authority on the issue presented here.

## IV. CONCLUSION

In accordance with the foregoing, the government's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 20, 2017

Christina A. Snyder
United States District Judge